Murray *v.* Elston.

## MURRAY *vs.* ELSTON.

1. A party to a suit can be compelled by a subpœna *duces tecum*, to produce papers and documents to be used on the trial as evidence.

2. A subpœna *duces tecum* commanding a party only to appear at a certain place and time named in the writ, and bring with him a certain book, but omitting the direction to testify, is invalid, and the party refusing to obey it cannot be attached for contempt.

On rule to show cause why an attachment should not issue for contempt, on affidavits.

*Mr. W. B. Williams,* for the rule.

*Mr. A. Zabriskie,* contra.

THE VICE-CHANCELLOR.

While the evidence in this cause was being taken before the master, the complainant was sworn and examined as a witness. He referred, in his testimony, to an entry in a book in his possession, which book he declined to produce. The defendant afterwards served him with a writ, intended to be a subpœna *duces tecum,* commanding him to appear before the master with the book at a time and place named. The complainant refused to obey, and upon a rule to show cause why an attachment for contempt should not issue against him, two questions were raised as the questions on which the decision of the motion for an attachment must turn.

1. Whether a party to a suit can be compelled, by a subpœna *duces tecum,* to produce papers and documents to be used on the trial as evidence ; and,

2. Whether, if so compellable, the writ served in this case was valid and sufficient.

The argument that a party to the suit is not liable, in this respect, like any other witness, was drawn from the act concerning evidence, approved April 5th, 1855. *Nix. Dig.* 1043.

Murray *v.* Elston.

The sixth section of that act provides that "the court, other than the court for the trial of small causes, before which a civil action or proceeding is pending, may, in their discretion and upon notice, order either party to give to the other, within a specified time and upon such terms as may be imposed, an inspection and copy, or permission to take a copy, of any books, papers, or documents in his possession or under his control, containing evidence relating to the merits, and if compliance with the order be refused, such books, papers, or documents shall not be given in evidence in such action, and the party refusing be liable for contempt."

This section not having been repealed by the act of 1859, by which parties themselves were made competent as witnesses, the latter act, it was contended, should be construed in connection with the former, and not be held to furnish an additional means of access to a party's private papers and books. The remedy provided by the first act, it was said, is ample, so far as parties are concerned, for the discovery of evidence, and the statute, in granting against parties a remedial proceeding not available against witnesses in general, was not designed further to subject their private papers and books to an additional liability of invasion. On general considerations of expediency and policy, it is difficult to perceive why documents and books, whose production would elucidate the issues involved in the suit, should be more guarded or inaccessible in the hands of the parties than in the custody of others; but however this may be, the explicit language of the act puts the matter beyond question or doubt. "No person," the language is, "shall be disqualified as a witness in any suit or proceeding at law or in equity by reason of his or her interest in the event of the same, as a party or otherwise." Whoever before the statute could be a witness, could be compelled, by a subpœna *duces tecum*, to attend at the trial with the required instrument and produce it in evidence, unless some lawful or reasonable excuse could be given for withholding it; of the validity of which excuse the court, and not the witness, was to judge. The language of the act removes all disabilities

and makes all witnesses alike. The inspection provided for is neither incompatible with nor an adequate substitute for the production, at the trial, of the documentary proofs. The former is permitted at the discretion of the judge, upon application and upon terms, and while an important and efficient mode of eliciting the truth in preparation for the trial, does not supersede but is supplemented and enforced by the later statute, compelling the bringing of the instruments into court. This construction has been repeatedly put by the courts of New York upon the similar provisions of their code. In *Trotter* v. *Latson,* 7 *How. Pr. R.* 261, a party refusing obedience to a subpœna *duces tecum,* was justified by Judge Roosevelt, because the words of the code, "may be compelled to *testify,*" included only the giving of testimony orally, and not the production of papers or books. The right to inspect and have copies of the latter, provided for in a previous section of the code, as it is in our statute, was thought by that judge to prevent one party from compelling the other to offer them in evidence at the trial. But this ruling was afterwards repudiated in *Bonesteel* v. *Lynde,* 8 *How. Pr. R.* 226; also in *People* v. *Dyckman,* 24 *How. Pr. R.* 222; and in *Mitchell's case,* 12 *Abbott's Pr. R.* 249. In all these later cases it was held not to be an open question that a party examined as a witness could be required, by subpœna *duces tecum,* to produce documents and books pertinent to the issues, to be used as evidence at the trial. In the present case, therefore, the complainant was wrong in refusing, on this ground, to obey the subpœna.

Was the writ that was served on him a valid and sufficient one? The objection to it is that it did not contain the customary words directing him to testify. It commanded him only to be and appear at the office of the master, and bring with him the book. Of the reason why he was to appear, or what he was to do when he got there, nothing was said. The defendant, doubtless, wanted only the complainant's book, and not his testimony, and hence the omission. But the omission is fatal to the authority of the writ. The power of a court to

compel the attendance of a witness, is derived from the purpose for which he is to come, *viz.:* to give evidence in some action, suit, or proceeding pending before it. An arbitrary or capricious command to go here or go there, would obviously be nugatory and vain. This is the difficulty with the present subpœna. Had the complainant appeared with the book no use could have been made of it without his consent, for a person actually present at the trial, may refuse to be sworn as a witness, unless he have been duly subpœnaed. Departures from established common law forms are apt to be found also departures from the substance to which the forms were originally and nicely adjusted. The complainant, on the latter ground, cannot be deemed guilty of contempt, and the rule must be discharged, but his refusal being wrong on the first ground, which was the main one, the rule should, I think, be discharged, without costs.

I respectfully advise as above.